IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION, COLUMBUS, OHIO

| | |
|---|---|
| **Blake Manns**<br>4363 E. Lincoln Hwy<br>Columbus Grove, OH 45830<br><br>-and-<br><br>**Danielle Manns**<br>4363 E. Lincoln Hwy<br>Columbus Grove, OH 45830<br><br>      Plaintiffs,<br><br>v.<br><br>**PHH Mortgage Services**<br>c/o Statutory Agent: PHH Mortgage Corporation<br>1 Mortgage Way<br>Mount Laurel, NJ 08054<br><br>      Defendant. | Case No:<br><br>Judge:<br><br>Magistrate Judge:<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

The following allegations are based upon Plaintiffs' personal knowledge, the investigation of counsel, and information and belief.  Plaintiffs, through counsel, allege as follows:

**I. INTRODUCTION**

1.   Blake and Danielle Manns ("The Manns") have owned the property in controversy in this action subject to a mortgage since 2006.  The Manns now intend to fully satisfy the lien on the property and pay the debt in full; however, Defendant PHH Mortgage Services ("PHH") refuses to allow them to do so.  The Manns have repeatedly asked Defendant for a current

1

and accurate payoff statement reflecting the outstanding balance on the loan. Despite the Manns' numerous and repeated attempts to receive a payoff statement, Defendant has failed to provide one. Defendant attempted to assert frivolous grounds supporting their failure to provide a payoff statement. The Manns sought out counsel to send a Qualified Written Request ("QWR") which asked for a payoff statement to be provided. As of the date of filing, Defendant has still failed to adequately respond to the QWR.

## II. PRELIMINARY STATEMENT

2. Plaintiffs institute this action for actual damages, statutory damages, attorney fees, the costs of this action against Defendant for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* and Regulation X, 12 C.F.R. § 1024, actual damages against Defendant for breach of contract, as well as a claim for declaratory relief determining the payoff amount that is required to fully satisfy the loan along with a statement of the rights and responsibilities of the parties.

## III. JURISDICTION

3. This Court has subject matter jurisdiction over Count One under RESPA, 12 U.S.C. 2614, and 28 U.S.C. 1331 and 1337.

4. This Court has subject matter jurisdiction over Count Two under 28 U.S.C 1367 because the claim involves the same case or controversy.

5. This Court has subject matter jurisdiction over Count Three under 28 U.S.C. 1367 and 28 U.S.C. 2201.

6. This Court has personal jurisdiction over Defendant because Defendant transacts business within this District, the mortgage loan at issue was incurred within this District, and the

property which was the subject of the loan at issue is located within this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

7. Venue is proper in accordance with 28 U.S.C. § 1391(b)(2) and (b)(3), because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and the property is located in this judicial district.

## IV. PARTIES

8. The Manns are natural persons with property located within this Court's jurisdiction at 7165 Hancock Drive, Russells Point, Ohio 43338.

9. At all relevant times, Plaintiffs were and are "persons" within the meaning of RESPA at 12 U.S.C. § 2602(5).

10. At all relevant times, Plaintiffs were and are "borrowers" within the meaning of RESPA.

11. PHH is a company organized under the laws of the United States of America with its principal place of business in New Jersey.

12. At all relevant times, Defendant was and is a "person" within the meaning of RESPA, 12 U.S.C. § 2602(5).

13. At all relevant times, Defendant was and is a loan "servicer" of Plaintiffs' "federally related mortgage loan" within the meaning of those terms in RESPA respectfully at 12 U.S.C. § 2605(i)(2) and 2602(1).

14. At all relevant times, Defendant was engaged in "servicing" within the meaning of RESPA, 12 U.S.C. § 2605(i)(3).

## V. FACTUAL ALLEGATIONS

15. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

16. Each action or inaction alleged herein against Defendant is also an allegation of action or inaction by Defendant's agents, predecessors, successors, employees, contractors, assignees, assignors, and servicers, as appropriate.

17. On or about December 18, 2006, the Manns financed the residential property located at 7165 Hancock Drive, Russells Point, Ohio 43348 with a note secured by a mortgage ("the Mortgage Loan").

18. On or about July 8, 2013, the Manns entered into a loan modification agreement ("the Modification") with Ocwen, now serviced by Defendant. (Exhibit A).

19. The terms of the Modification demonstrated that the parties voluntarily elected to adhere to RESPA as part of the contract.

20. The Modification offered forgiveness of a portion of the principal balance after three years of timely payments.

21. The Modification contained a provision regarding "Shared Appreciation," an amount that would become due at the occurrence of an event, identified as the earliest of: either the maturity date, a refinance transaction, or a sale transaction.

22. The Modification did not state that any amount of the "Shared Appreciation" would be due if the Manns paid off the Mortgage Loan prior to the maturity date.

23. The maturity date of the Mortgage Loan as modified is January 1, 2037.

24. Under the terms of the Modification, the Manns entered into a trial period before the Modification would become official.

25. The Manns successfully completed their trial period and the Modification became official on or about August 1, 2013.

26. The Manns made timely payments on the Mortgage Loan for three years.

27. The Manns had a portion of the principal balance forgiven under the terms of the Modification.

28. The Manns continue to make timely payments on the Mortgage Loan.

29. As of the date of this filing, no events have taken place which would cause the shared appreciation amount to become due.

30. In or around early 2022, the Manns decided that they wanted to payoff the Mortgage Loan.

31. In or around early 2022, the Manns requested a payoff statement from the Defendant.

32. Defendant failed to provide the Manns with a payoff statement on this occasion.

33. The Manns made numerous requests for a payoff statement from Defendant.

34. At some point during the Manns' attempts to receive a payoff statement, a representative of Defendant told the Manns that they would be unable to provide a statement until the property was appraised as it related to the shared appreciation provision of the Modification.

35. The shared appreciation provision and the payoff statement are not materially related.

36. The payoff balance should reflect the amount it currently takes to satisfy the Mortgage Loan, while the shared appreciation appraisal would only show how the property has increased in value since the Modification was entered into.

37. At the time of the request for the payoff statement, the Mortgage Loan had not reached its maturity date, the property was not being refinanced, and the property was not being sold.

38. As of the date of this filing, Defendant has still failed to provide the Manns the payoff amount.

39. Out of options, the Manns retained counsel.

40. On or about June 28, 2022, the Manns, through counsel and with proper authorization, sent Defendant written correspondence requesting information regarding the Mortgage Loan ("Request for Information").

41. The Request for Information asked Defendant to provide, including but not limited to, the following:

    a. The Servicing File you are required to maintain and be able to compile within 5 days for this mortgage loan pursuant to 12 C.F.R. 1024.38(c)(2).

    b. Copies of all versions and images of the alleged promissory note you have in your possession.

    c. Copies of all letters, notices, and other correspondence you sent my clients regarding any application or request for loss mitigation.

    d. A copy of all written correspondence, calls logs, and servicing logs that evidence all actions and communications taken related to this alleged loan.

42. The Manns incurred legal fees and costs associated with preparing and mailing the Request for Information.

43. On or about July 7, 2022, Defendant responded to the Request for Information, informing counsel that it was not authorized to release information to them.

44. Defendant's response instructed the Manns to either provide written authorization or to call Defendant's customer service department to authorize the release of the information to counsel.

45. The Manns received this response on or about July 18, 2022.

46. Despite providing the authorization with the initial correspondence, the Manns sent another letter to Defendant on or about July 18, 2022, authorizing it to release the information to the Manns' attorney in addition to calling Defendant's customer service.

47. During the phone call, a representative of Defendant told the Manns that their situation was resolved and no further action was needed.

48. As of the date of this filing, Defendant has failed to provide the information requested by the Manns.

49. As of the date of this filing, Defendant has failed to provide the Manns with the requested payoff statement.

50. As a direct and proximate result of Defendant's actions, Plaintiffs have been unable to satisfy the Mortgage Loan and have suffered consequential and incidental damages.

51. As a direct and proximate result of Defendant's actions, Plaintiffs incurred legal fees and costs associated with preparing and mailing the Request for Information in addition to the difference between the payoff balance improperly including the shared appreciation amount and the actual payoff balance reflecting the amount left outstanding on the Mortgage Loan.

52. As a direct and proximate result of Defendant's actions, Plaintiffs suffer severe emotional distress, including anxiety and stress.

53. As a direct and proximate result of Defendant's actions, Plaintiffs incurred the legal fees and expenses of bringing this lawsuit.

## VI. FIRST COUNT – RESPA QWR VIOLATIONS

54. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

55. For all the reasons stated herein, Defendant violated RESPA, 12 U.S.C. §2601, et seq., and is liable to the Manns for damages.

56. The Request for Information is a "qualified written request" as that term is defined in 12 U.S.C. 2605(e)(1)(B).

57. Defendant acknowledged receipt of the request on or about July 7, 2022.

58. Defendant asserted that it was unable to respond to the QWR because it was not properly authorized.

59. Plaintiffs submitted the required authorization when the Request for Information was initially sent on or about June 28, 2022.

60. Defendant again acknowledged receipt of the request on or about July 18, 2022 after the Manns had reauthorized it to release information to counsel.

61. By requiring Plaintiffs to submit unreasonable materials before responding to the Request for Information, Defendant violated RESPA including pursuant to 12 C.F.R. 1024.36.

62. By failing to adequately respond to the Manns' Request for Information, Defendant violated RESPA, including pursuant to 12 U.S.C. 2605(e)(2) and 12 C.F.R. 1024.36.

63. By failing to conduct an investigation into the payoff balance after receiving the Manns' Request for Information, Defendant violated RESPA, including pursuant to 12 U.S.C. 2605(e)(2)(B) and 12 C.F.R. 1024.36(d).

64. By failing to provide the Manns with the information they requested, Defendant violated Regulation X, including pursuant to 12 C.F.R. 1024.36(d).

65. Defendant has engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA including those as set forth in 12 U.S.C. 2605 and Regulation X at 12 C.F.R. 1024.36(d).

66. As a result of Defendant's actions, Plaintiffs incurred actual damages, including but not limited to, costs associated with preparing and sending the Request for Information.

67. As a result of Defendant's actions, the Manns suffered severe emotional distress including but not limited to excessive stress and anxiety.

68. Due to these violations, Defendant is liable to Plaintiffs for damages, including but not limited to, their actual damages in an amount to be determined at trial including pursuant to 12 U.S.C. 2605(f)(1)(B), statutory damages in the amount of at least $2,000, the cost of this action and attorney fees, including pursuant to 12 U.S.C. § 2605(f)(3), and other relief as this Court deems just and necessary.

## VII. SECOND COUNT – BREACH OF CONTRACT

69. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

70. On or about July 8, 2013, the Manns and Defendant entered into a valid and legally enforceable contract when the Manns signed the Modification.

71. The Modification demonstrated that the parties voluntarily elected to adhere to RESPA.

72. The Manns complied with all conditions precedent to the contract.

73. The Manns requested a payoff statement under the terms of the agreement.

74. Defendant materially breached their obligations under the contract when it failed to provide a payoff statement upon request.

75. Defendant asserted that it was not obligated to provide a payoff statement until after the property was reappraised.

76. Defendant materially breached the contract by attempting to enforce a condition precedent that was not part of the agreement.

77. Defendant, at all times, possessed and continues to possess the necessary information to provide a payoff statement but refuses to do so.

78. The Manns were not in breach at any point during the executory phase of the contract.

79. The Manns substantially performed their obligations under the contract.

80. As a result of Defendant's conduct, the Manns incurred actual damages, including but not limited to, costs associated with preparing and sending the Request for Information.

81. Due to its material breach, Defendant is liable for the Mann's actual damages in an amount to be proved at trial, including but not limited to, costs associated with preparing and sending the Request for Information, the cost of this action, attorney's fees, the difference between the payoff balance improperly including the shared appreciation amount and the actual payoff balance reflecting the amount left outstanding on the Mortgage Loan, and other relief as this Court deems just and necessary.

### VIII. THIRD COUNT – DECLARATORY RELIEF

82. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

83. Defendant asserts that the Manns are not entitled to a payoff statement regarding the property until the property is reappraised.

84. Appraisal of the property is only relevant to the agreement upon the occurrence of one of the three triggering events for the shared appreciation amount.

85. As of the date of this filing, none of the three possible events have occurred or have any reasonable likelihood of occurring.

86. A justiciable controversy exists whereby Defendant claims rights to receive all or some of the shared appreciation amount.

87. A justiciable controversy exists whereby Defendant claims rights to appraise the property before providing a payoff statement.

88. Even if Defendant has the right to appraise the property before providing a payoff statement, Defendant has no right to use that appraisal to increase the payoff balance.

89. The Manns have no way to determine an accurate payoff balance without a statement from Defendant.

90. A justiciable controversy exists whereby Defendant claims rights to use the new appraisal to calculate the payoff balance.

91. The Manns are entitled to declaratory judgment establishing that Defendant has no right to receive the shared appreciation amount under the terms of the Modification because none of the triggering events occurred.

92. The Manns are entitled to declaratory judgment establishing that Defendant is obligated to provide a payoff statement.

93. The Manns are entitled to declaratory judgment establishing that Defendant has no rights to appraise the property before providing a payoff statement.

94. The Manns are entitled to declaratory judgment establishing that Defendant has no right to use a new appraisal to calculate the payoff balance.

95. Even if the Defendant has the right to appraise the property before providing a payoff statement, Defendant has no right to use that appraisal to calculate the payoff balance.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully prays that this Court:

    a. Assume jurisdiction of this case;

b. Grant judgment in favor of Plaintiffs on all claims and for the remedies sought in each claim;

c. Award Plaintiffs maximum damages on the Counts, including the maximum statutory damages available, the maximum economic and non-economic damages available, including actual, emotion, general, and other damages;

d. Award Plaintiffs actual damages to be established at trial including pursuant to 12 U.S.C. § 2605(f);

e. Award Plaintiffs statutory damages in the amount of at least $2,000, including pursuant to 12 U.S.C. § 2605(f);

f. Award Plaintiffs attorney fees with the appropriate multiplier plus costs and expenses of litigation including pursuant to 12 U.S.C. § 2605(f);

g. Award Plaintiffs additional damages and costs;

h. Issue a judicial determination of the rights and responsibilities of the parties;

i. Issue an order directing Defendant to provide an accurate payoff statement to the Plaintiffs;

j. Award such other relief as the court deems appropriate.

Dated: September 28, 2022

Respectfully Submitted,
DOUCET GERLING CO., L.P.A.


*/s/ Andrew J. Gerling*
Andrew J. Gerling (0087605)
655 Metro Place South, Suite 600
Dublin, OH 43017
PH: (614) 221-9800
Fax: (818) 638-5548
andrew@doucet.law
*Attorney for Plaintiffs*

**JURY TRIAL DEMANDED**

The plaintiffs respectfully request a jury trial on all triable issues.

*/s/ Andrew J. Gerling*
Andrew J. Gerling (0087605)