IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BLAKE MANNS,** *et al.*,

    **Plaintiffs,**

                                                                     Civil Action 2:22-cv-3507
                                                                   Judge Sarah D. Morrison
    v.                                                      Magistrate Judge Elizabeth P. Deavers

**PHH MORTGAGE SERVICES,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiffs' Motion for Leave to File Amended Complaint. (ECF No. 15 (the "Motion for Leave").) For the reasons that follow, the Motion for Leave is **GRANTED**.

### I.

Plaintiffs initiated this action on September 28, 2022, asserting claims for a violation of the Real Estate Settlement Practices Act ("RESPA") (First Count), breach of contract (Second Count), and declaratory judgment (Third Count). (ECF No. 1.) On November 9, 2022, the Court entered a Preliminary Pretrial Order, ordering in part that "[a]ny motion to amend the pleadings or to join additional parties shall be filed by JANUARY 6, 2023." (ECF No. 8.) On December 19, 2022 Defendant PHH Mortgage Services ("PHH") filed a Motion to Dismiss, seeking to dismiss the Second Count and Third Count of Plaintiffs' Complaint. (ECF No. 10.) On January 9, 2023, the Court granted the parties' Joint Motion for an Extension of Time to File, allowing Plaintiffs until January 30, 2023 to file a response in opposition to the Motion to Dismiss. (ECF No. 14.)

On January 30, 2023, Plaintiffs filed the subject Motion for Leave.  (ECF No. 15.)  In short, Plaintiffs seek to add a claim for violation of the Truth in Lending Act of 1968, 15 U.S.C. § 1601 *et seq.* ("TILA") and to seek additional relief.  (*See id.*)  Plaintiffs submit that they "still seek relief through the claims in their original Complaint" and "seek the same relief as presented in their original Complaint," but that they merely seek to amend to "present alternative theories of recovery."  (*Id.*)  Plaintiffs argue that they should be permitted leave as a matter of course, and, even if the request is not timely, the interests of justice weigh in favor of amendment.  (*Id.*)  Plaintiffs also submit that the proposed amendments are not futile.  (*Id.*)

On February 16, 2023, PHH filed a brief in opposition to the Motion for Leave, generally arguing that Plaintiffs' request is untimely and prejudicial, and that the proposed amendment is futile.  (ECF No. 16.)  Specifically, PHH argues that Plaintiffs failed to seek leave within twenty-one days after PHH filed its Motion to Dismiss, and that PHH only consented to an extension of time for Plaintiffs to respond to the Motion to Dismiss – not to an extension of time for Plaintiffs to amend.  (*Id.*)  PHH also argues that Plaintiffs failed to seek leave before the January 6, 2023 deadline set forth in the Court's Preliminary Pretrial Order.  (*Id.*)  Finally, PHH argues that Plaintiffs' proposed amendment is futile and should be denied under Federal Rule of Civil Procedure 15(a)(2).  (*Id.*)

On March 2, 2023, Plaintiffs filed a reply brief.  (ECF No. 17.)  Plaintiffs argue that by "[o]btaining an extension to respond to the Motion to Dismiss . . . Plaintiffs timely filed their response to the Motion to Dismiss by seeking leave to amend the Complaint" and that "the instant request should be granted for this reason alone."  (*Id.*)  Plaintiffs further argue that the applicable factors for the Court to consider weigh in their favor, and that the proposed

amendment is not futile. (*Id.*) Accordingly, the matter is fully briefed and ripe for judicial review.

## II.

Under Federal Rule of Civil Procedure 15(a)(2), the Court should freely give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This Rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Thus, the trial court enjoys broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Because Plaintiffs have moved to amend after the January 6, 2023 deadline, they "must meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). This means Plaintiffs must "show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline before [the Court] will consider whether the amendment is proper under Rule 15(a)." *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003). "[T]he touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order." *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007). Under the circumstances presented

3

here, and especially considering the mutually agreed-upon extension for Plaintiffs to respond to the Motion to Dismiss (after which Plaintiffs filed the subject Motion for Leave), the Court does not hesitate in finding good cause under Rule 16(b).

### III.

Against this background, Plaintiffs' request is well taken.  While the Federal Rules of Civil Procedure and this Court's Preliminary Pretrial Order block Plaintiffs from amending absent PHH's consent,[1] under the circumstances presented the Court finds that leave should be granted.  First, the Court cannot find that Plaintiffs' Motion for Leave constitutes an undue delay or stems from any bad faith or dilatory motive on Plaintiffs' behalf – especially given PHH's consent for Plaintiffs to take twenty-one additional days to respond to the Motion to Dismiss. Additionally, as Plaintiffs note, discovery is in its infancy and the substantial deadlines in this case remain several months away.  Next, while PHH argues it will be prejudiced by amendment because the proposed amendment is "only being filed in an attempt to prevent PHH's Motion to Dismiss from being granted," *see* ECF No. 16 at PAGEID ## 145-146, this does not constitute prejudice – especially given that Plaintiffs are seeking leave while this case remains in its infancy.  *See Parker v. Breck's Ridge, LLC*, No. 2:17-CV-633, 2019 WL 2223070, at *2 (S.D. Ohio May 23, 2019) ("In determining prejudice, the Court examines 'whether the assertion of the new claim would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.'")

---

[1] Plaintiffs do not cite any authority to support their position that the extension of time to respond to the Motion to Dismiss also necessarily provided an extension of time to amend.  (*See* ECF No. 15.)  Many courts, both within and outside of the Sixth Circuit, have found the opposite.  *See Grey v. Grant*, No. 22-CV-2088, 2022 WL 7055226, at *1 (W.D. Tenn. Oct. 12, 2022) ("Many district courts have found the opposite.") (citing cases).

(quoting *Phelps v. McLellan*, 30 F.3d 658, 662–63 (6th Cir. 1994)); *see also Chkrs, LLC v. City of Dublin, Ohio*, No. 2:18-CV-1366, 2019 WL 3975447, at *13 (S.D. Ohio Aug. 22, 2019) ("Defendants' concern is that they will suffer the inherent prejudice of having to defend against Plaintiff's new claims. But this obligation to defend is not the type of undue prejudice typically considered in deciding whether to allow amendment.") (internal quotation marks and citations omitted).

Finally, while PHH is correct that futility can constitute sufficient grounds to deny leave to amend, the Court is not persuaded that denying leave to amend on this basis is appropriate here.  Because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim," this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion.  *See, e.g., Lauren v. PNC Bank, N.A.*, No. 2:14–cv–0230, 2014 WL 1884321, at *3 (S.D. Ohio May 12, 2014) (recognizing the "conceptual difficulty presented"), and 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course is to permit Plaintiffs to amend the Complaint under Rule 15's liberal standard, with the understanding that PHH is free to challenge the Amended Complaint through a motion to dismiss or a motion for judgment on the pleadings.  *See Lauren*, 2014 WL 1884321, at *3 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *see also Coleman v. Caliber Home Loans, Inc.*, No. 2:14–cv–243, 2014 WL 6821163, at *3 (S.D.

5

Ohio Dec. 3, 2014) (granting motion for leave to amend where "[r]esolution of the specific challenges to plaintiffs' claims are, in this Court's estimation, better left for consideration by the District Judge in the context of a renewed motion to dismiss").

### IV.

For the foregoing reasons, and for good cause shown, Plaintiffs' Motion for Leave to File Amended Complaint, ECF No. 15, is **GRANTED.**  The Clerk is **DIRECTED** to file the First Amended Complaint for Money Damages and Other Relief which is attached to the subject Motion.  (ECF No. 15-1.)

**IT IS SO ORDERED.**

**DATED:  March 29, 2023**

/s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**