IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BLAKE MANNS,** *et al.*,

    **Plaintiffs,**

                                              Civil Action 2:22-cv-3507
                                              Judge Sarah D. Morrison
    v.                                        Magistrate Judge Elizabeth P. Deavers

**PHH MORTGAGE SERVICES,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of the Combined Motion to Stay Discovery Pending a Ruling on Defendant PHH Mortgage Services Motion to Dismiss Plaintiffs' Amended Complaint and Motion to Stay Discovery Deadline.  (ECF No. 28 (the "Motion to Stay Discovery").)  For the reasons set forth herein, the Motion to Stay Discovery is **DENIED**.

**I.**

Plaintiffs filed their Complaint for Money Damages and Other Relief on September 28, 2022, generally alleging that Defendant PHH Mortgage Services ("PHH") has violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq*. and Regulation X, 12 C.F.R. § 1024.  (*See* ECF No. 1 (the "Complaint").)  On November 9, 2022, the Court entered a Preliminary Pretrial Order, establishing a pretrial case schedule including a discovery deadline of August 1, 2023.  (ECF No. 8.)  On December 19, 2022, PHH filed a Partial Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim, arguing that Counts Two and Three of the Complaint should be dismissed with prejudice.  (ECF No. 10.) In response, on January 30, 2023, Plaintiffs moved for leave to amend the Complaint.  (ECF No.

15.)  The Court granted Plaintiffs leave to amend on March 29, 2023.  (ECF No. 18.)  On April 12, 2023, PHH filed a Partial Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim, this time moving to dismiss all counts of the Amended Complaint except one.  (ECF No. 20 (the "Motion to Dismiss").)  That Motion to Dismiss is fully briefed and is ripe for judicial review.  (*See* ECF Nos. 26, 27.)

On June 12, 2023, after the parties finished briefing the Motion to Dismiss, PHH filed the subject Motion to Stay Discovery, generally arguing that discovery should be stayed pending the Court's resolution of the Motion to Dismiss because the Motion to Dismiss "is dispositive as to all issues and claims in this matter except Plaintiffs' claims for alleged violations of RESPA" and because "the scope of discovery will be significantly narrowed if PHH's Motion to Dismiss is granted."  (ECF No. 28.)  On June 27, 2023, PHH also sought to extend the discovery and dispositive motion deadlines set forth in the Court's Preliminary Pretrial Order.  (ECF No. 30.)  On June 29, 2023, the Court temporarily stayed discovery pending resolution of the Motion to Stay Discovery, and noted that it "will revisit the case schedule after resolving the Motion to Stay Discovery, if necessary."  (ECF No. 31.)

On July 3, 2023, Plaintiffs responded in opposition to the Motion to Stay Discovery, generally arguing that PHH has not met the standard to stay discovery because this case "lack[s] any extraordinary circumstances for such a request" and because PHH "did not detail any specifics of the burdens it faces in answering discovery questions."  (ECF No. 32.)  On July 14, 2023, PHH filed a reply, generally rearguing that a discovery stay "would simplify the issues and allow for the Parties to conduct discovery on those claims that remain," that there is no prejudice to Plaintiffs in staying discovery, and that staying discovery would save the Court and the parties time and resources.  (ECF No. 34.)  The Motion to Stay Discovery is therefore ripe for review.

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). District courts have broad discretion to stay discovery. *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005). As is the case here, parties routinely move to stay discovery while a motion to dismiss is pending. *See Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) ("This Court has had many occasions, over the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss"). But "as a general rule, this Court is not inclined to stay discovery while a motion to dismiss is pending[.]" *Id.*

Yet in "certain special circumstances," a stay may be appropriate. *Id.* A discovery stay may serve the interests of judicial economy, for example, where "the defendant has raised a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery proceeds," where "it appears that the complaint will almost certainly be dismissed[,]" or where the motion to dismiss is based on lack of jurisdiction. *Id.* (citations omitted); *Young v. Mesa Underwriters Specialty Ins. Co.,* No. 2:19-CV-3820, 2020 WL 7407735, at *2 (S.D. Ohio Oct. 19, 2020).

Further, in considering a motion to stay discovery, "'a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quoting *Bowens v. Columbus Metro. Libr. Bd. of Trustees*, No. 2:10-CV-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010)). "When a stay, rather than a prohibition, of

3

discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Id.* (quoting *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citations omitted)). Still, the Court must "tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Young*, 2020 WL 7407735, at *2 (quoting *Ohio Valley Bank*, 2019 WL 2170681, at *2).

### III.

Here, the Court concludes that PHH has failed to demonstrate that good cause exists to justify a stay of discovery. To be clear, this is a high bar, one which PHH does not appear to appreciate in the subject briefing. While the Court agrees that "the scope of discovery will be significantly narrowed if PHH's Motion to Dismiss is granted," this is true of every motion to dismiss. (ECF No. 28 at PAGEID ## 295-296.) Defendant makes no argument about its likelihood of success on the Motion to Dismiss and has not articulated why the Court should stray from its general hesitation to stay discovery while a motion to dismiss is pending. *See Shanks*, 2009 WL 2132621, at *1. As Plaintiffs note, the underlying Motion to Dismiss does not implicate any issues of immunity or the lack of subject matter jurisdiction, and PHH does not argue that the case "will almost certainly be dismissed." *See id.*; *Young*, 2020 WL 7407735, at *2. Instead, Defendant urges the Court to grant a discovery stay because it does not want to be "forced to incur the significant time and expense required to respond to Plaintiffs' Discovery Requests" and because "it seems plausible that the Parties may disagree on the scope of the discovery sought and further Court assistance will be required to resolve disputes." (ECF No. 28 at PAGEID # 299; ECF No. 34 at PAGEID ## 325-326.)

4

But these arguments are not well taken, as the balance of hardships weighs in favor of allowing discovery to proceed.  There is no dispute that denial of the stay could result in PHH spending "time and money on discovery that may subsequently be moot after a ruling on" the Motion to Dismiss.  *Young*, 2020 WL 7407735, at *2.  The Court recognizes this burden, but – again – "it is the same burden that nearly every defendant in this Court faces in civil litigation[,] [a]nd had the drafters of the Federal Rules meant to alleviate that burden on civil litigants, the Court is confident they would have said so."  *Id.* at *3.  Moreover, a discovery stay would prejudice Plaintiffs by further delaying the resolution of this case.  *Id.* at *2.  "As reflected in the Federal Rules," Plaintiffs deserve their case to be heard "in a timely and efficient manner."  *Id.* at *3.  Staying discovery would undermine this goal, especially given how long this case already has been pending and PHH's failure to articulate how such a stay would serve the interests of judicial economy.

### IV.

For the foregoing reasons, the Court finds that PHH has not carried its burden to show that a stay of discovery is appropriate under the circumstances presented in this case.  The Court, therefore, concludes that a stay of discovery pending resolution of the Motion to Dismiss is not warranted.  The Motion to Stay Discovery, ECF No. 28, is therefore **DENIED**.  Accordingly, the discovery stay is **LIFTED**.  The parties are **DIRECTED** to jointly submit a new proposed case schedule by no later than **SEVEN (7) DAYS** within the date of this Opinion AND Order.

**IT IS SO ORDERED.**

DATED:  August 14, 2023

*/s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**