UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BLAKE MANNS, *et al.*,

        **Plaintiffs,**

    v.

**PHH MORTGAGE SERVICES,**

        **Defendant.**

:

Case No. 2:22-cv-03507
Judge Sarah D. Morrison
Magistrate Judge Elizabeth A. Preston Deavers

:

## OPINION AND ORDER

Blake and Danielle Manns filed suit against PHH Mortgage Services alleging breach of contract, violations of the Real Estate Settlement Procedures Act ("RESPA") and Truth in Lending Act ("TILA"), and declaratory judgment. (Am. Compl., ECF No. 19.) The matter is now before the Court on PHH's Partial Motion to Dismiss the Amended Complaint. (Mot., ECF No. 20.) The Mannses responded (ECF No. 26) and PHH replied (ECF No. 27). For the reasons below, the Motion is **GRANTED**.

**I. BACKGROUND**

All well-pleaded factual allegations in the Amended Complaint are considered as true for purposes of the Motion to Dismiss. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016). The following summary draws from the allegations in that Amended Complaint, as well as any documents integral to and incorporated therein.

In December 2006, the Mannses financed a residential property located in Russells Point, Ohio ("Property") with a note secured by a mortgage ("Mortgage"). (Am. Compl., ¶ 21.) The Mortgage documents provide that the instrument is "governed by federal law." (*Id.*, ¶ 62; *see also* Open-End Mortgage, § 15, PAGEID # 198.)

Seven years later, the Mannses modified the Mortgage and entered into a Loan Modification Agreement, which is now serviced by PHH. (*Id.*, ¶ 22; *see also* Loan Modification Agreement (Shared Appreciation), PAGEID # 216–21.) The Loan Modification Agreement requires the Mannses "share" with PHH 25% of any future appreciation in the Property's value ("Shared Appreciation Amount"). (*Id.*, PAGEID # 218–19.) The Shared Appreciation Amount must be paid "upon the earliest of (i) the Maturity Date, (ii) a Refinance Transaction, or (iii) a Sale Transaction." (*Id.*, PAGEID # 218.) Those terms are defined to mean:

> (i) the date on which my Note matures and is due and payable in full (the "Maturity Date"), (ii) a refinance or payoff of the entire Interest Bearing Principal Balance (a "Refinance Transaction"), or (iii) a sale or any transfer of the Property or a beneficial interest in the Property without the [PHH's] consent that may require immediate payment in full under the terms of the Loan Documents (a "Sale Transaction").

(*Id.*, PAGEID # 217–18.) The Shared Appreciation Amount is "determined by [PHH]" through a "Valuation" process consisting of either (i) an "Arm's Length Sale Transaction" or (ii) "a Property appraisal from an independent licensed appraiser and, at [PHH's] option, a third-party valuation based on such appraisal." (*Id.*, PAGEID # 218–19.)

2

The Mannses now want to pay the Mortgage in full. (*Id.*, ¶ 34.) In early 2022, they requested a payoff statement from PHH. (*Id.*, ¶ 35.) But PHH informed the Mannses that an accurate payoff statement could not be made available until the Property was appraised and the Shared Appreciation Amount was determined. (*Id.*, ¶ 38.) Rather than allow PHH to appraise the Property, the Mannses filed this lawsuit.

PHH now moves to dismiss Counts I (Breach of Contract), III (Violation of TILA), and IV (Declaratory Relief), and, to the extent that it is based on 12 C.F.R. § 1026.35, Count II (Violation of RESPA) of the Amended Complaint. (Mot., *generally*.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly,* 550 U.S. at 555.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In reviewing a motion to dismiss, the Court "construe[s] the complaint in the light most favorable to the plaintiff[.]" *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

### III. ANALYSIS

#### A. Count I: Breach of Contract

In Count I of their Amended Complaint, the Mannses allege breach of contract. To state a claim for breach of contract, a plaintiff is required to plead "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." *Foster v. Health Recovery Servs., Inc.*, 493 F. Supp. 3d 622, 639 (S.D. Ohio 2020) (Marbley, J.) (internal quotation and citation omitted). "A court's primary objective in interpreting a written contract is to ascertain the intent of the parties as expressed in the terms of the agreement." *Aero Fulfillment Servs. Corp. v. Oracle Corp.*, 186 F. Supp. 3d 764, 771 (S.D. Ohio 2016) (Black, J.) (citing *Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos.*, 714 N.E.2d 898 (Ohio 1999)). "Generally, contracts should be construed in a manner to give effect to the intentions of the parties." *Hamilton*, 714 N.E.2d at 900. "If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact

4

to be determined." *Inland Refuse Transfer Co. v. Browning-Ferris Indus. of Ohio, Inc.*, 474 N.E.2d 271, 272 (Ohio 1984).

The Mannses' claim has two parts: first, that PHH breached the Loan Modification Agreement by refusing to provide a payoff statement without an appraisal; and second, that PHH breached the Mortgage by violating federal laws incorporated by reference.

### 1. The Mannses fail to adequately allege that PHH breached the Loan Modification Agreement by withholding a payoff statement.

The Mannses allege that PHH breached the Loan Modification Agreement by withholding a payoff statement until the Property was appraised. (Am Compl., ¶¶ 81–85.) They maintain that only three events trigger any obligation to share in the Property's appreciation: (i) the Mortgage Loan reaching its maturity date; (ii) the Property being refinanced; and (iii) the Property being sold. (*Id.*, ¶ 55.) Because none of those events has occurred, the Mannses do not believe that the Loan Modification Agreement requires them to calculate appreciation, or share it. (*Id.*, ¶ 41.)

The Mannses' argument conflicts with the clear and unambiguous language of the Loan Modification Agreement. The Mannses agreed to pay "all amounts due" upon a Refinance Transaction—which is defined to include a "refinance **or payoff**." The Shared Appreciation Amount is one such "amount due." And, by the terms of the Loan Modification Agreement, that amount must be determined through appraisal and valuation.

As the Loan Modification Agreement expressly provides, the Shared Appreciation Amount becomes due upon payoff, and is to be determined through an appraisal of the Property. PHH thus did not breach the Loan Modification Agreement when it requested an appraisal of the Property prior to providing a payoff statement.

### 2. The Mannses fail to adequately allege that PHH breached the terms of the Mortgage by violating federal law.

The Mannses also allege that PHH breached the Mortgage's terms by failing to comply with federal law. (*Id.*, ¶¶ 76–80.) In their view, Section 15 of the Mortgage, which provides that it is "governed by federal law," incorporates the substantive provisions of RESPA and TILA. (*Id.*) Thus, by failing to comply with RESPA and TILA, the Mannses maintain that PHH is liable for a breach. (*Id.*)

Under Ohio law, a document is incorporated into a contract by reference if the contract "explicitly, or at least precisely, identif[ies] the written material being incorporated" and "'clearly communicate[s] that the purpose of the reference is to incorporate the referenced material into the contract.'" *Ace Am. Ins. Co. v. Gerling & Assocs., Inc.*, 630 F. Supp. 3d 919, 936 (S.D. Ohio 2022) (Marbley, J.) (quoting *Volovetz v. Tremco Barrier Sols.*, 74 N.E.3d 743, 751 (Ohio Ct. App. 2016)) (further citation omitted) (cleaned up). While *Gerling* involved incorporation of a warranty into an HVAC installation contract, the fundamental principle applies here. Simply put, for extrinsic material to be incorporated into a contract, the terms must be "explicitly identified, rather than merely alluded to." *Id.* at 937 (internal quotation and citation omitted). The Mannses' Mortgage references "federal law" briefly and

generally. It does not specifically identify any provision of federal law to be incorporated—let alone RESPA or TILA—and fails to establish a clear intent that any particular provision become a part of the contract. Accordingly, RESPA and TILA cannot be read into the Mortgage, and PHH's alleged failure to comply with those laws cannot sustain the Mannses' breach of contract claim. *See also Tanner v. Wells Fargo Bank, N.A.*, 1:20-cv-01104, 2020 WL 7263292, at *5 (N.D. Ohio Dec. 10, 2020) (declining to read a mortgage loan's "casual reference" to HUD regulations as incorporating their substance into the loan documents).

PHH's Partial Motion to Dismiss is **GRANTED** as to Count I.

### B. Count II: Violation of RESPA

In Count II, the Mannses allege that PHH violated RESPA. Count II cites, *inter alia*, 12 C.F.R. § 1026.35(c)(3). (Am. Compl., ¶¶ 104–05.) That regulation "prohibits a creditor from extending a higher-priced mortgage without providing written appraisal of the property from a certified or licensed appraiser." 12 C.F.R. § 1026.35(c)(3)(i). The Amended Complaint contains no factual allegations supporting the conclusion that PHH is creditor, or that the Mortgage is a higher-priced mortgage. In fact, the allegations are so far removed from the substance of the regulation that the Court wonders if § 1026.35 was referenced in error. In any event, the Amended Complaint fails to state a claim under that provision.

PHH's Partial Motion to Dismiss is **GRANTED** to the extent that Count II relies on 12 C.F.R. § 1026.35.

### C. Count III: Violation of TILA

In Count III of the Amended Complaint, the Mannses allege that PHH violated TILA by failing to timely provide a payoff statement. PHH makes multiple arguments in favor of dismissing Count III—including that the Amended Complaint fails to establish an avenue for recovery against it. (Mot., PAGEID # 236.) That argument is well-taken and dispositive. Count III of the Amended Complaint seeks recovery under 12 U.S.C. § 2605 and 15 U.S.C § 1640. The former applies only to violations of RESPA. The latter (which does apply to TILA) provides that "only 'creditors' are subject to the Act's civil penalties." *Redic v. Gary H. Watts Realty Co.*, 762 F.2d 1181, 1185 (4th Cir. 1985) (quoting 15 U.S.C. § 1640(a)). The Mannses' only response is that "[t]hey also alleged [PHH] is a creditor of a consumer obligation for purposes of TILA." (Mot., PAGEID # 280.) The referenced allegation states simply:

> Defendant was and is a **creditor** of a consumer obligation within the meaning of TILA at 15 U.S.C. § 1602(g) at all times relevant to this transaction.

(Am. Compl., ¶ 18.) The Mannses do not identify factual allegations supporting that legal conclusion, nor does the Court find any. The Court is not bound to accept legal conclusions, even when couched as fact. *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly,* 550 U.S. at 555). Without more, Count III must fail.

PHH's Partial Motion to Dismiss is **GRANTED** as to Count III.

### D. Count IV: Declaratory Relief

Finally, in Count IV of the Amended Complaint, the Mannses allege that they are entitled to declaratory relief. The Mannses request that this Court declare

8

that they are entitled to a payoff statement, that PHH has no right to appraise the Property, and that PHH cannot use the appraisal value to increase the payoff amount. (Am. Compl., ¶¶ 128–32.) PHH argues that the Mannses fail to state a claim for declaratory relief. (Mot., PAGEID # 236–41.) The Court agrees. Each declaration sought hinges on the success of their breach of contract claim. Indeed, as in Count I, the requests require the Court to evaluate the parties' rights and obligations under the Mortgage and Loan Modification Agreement related to payoff statements and calculating the Shared Appreciation Amount. To survive a motion to dismiss, a request for declaratory judgment that arises from a breach of contract claim must properly plead the elements of breach of contract. *Student Res. Ctr., LLC v. E. Gateway Comm. Coll.*, No. 2:22-cv-2653, 2023 WL 6213678, at *10 (S.D. Ohio Sept. 25, 2023) (Marbley, J.). This Court has already concluded that the Amended Complaint fails to do so.

PHH's Partial Motion to Dismiss is **GRANTED** as to Count IV.

IV.   **CONCLUSION**

For these reasons, PHH's Partial Motion to Dismiss the Amended Complaint (ECF No. 20) is **GRANTED**.

   **IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

9