IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BLAKE MANNS,** *et al.*,

    **Plaintiffs,**

                                            Civil Action 2:22-cv-3507
                                            Judge Sarah D. Morrison
    v.                                          Magistrate Judge Elizabeth P. Deavers

**PHH MORTGAGE SERVICES,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiffs' Motion for Leave to Serve Discovery Responses Out of Rule.  (ECF No. 45.)  For the reasons set forth herein, the Motion is **GRANTED**.

On December 11, 2023, Defendant PHH Mortgage Services ("PHH") served Plaintiffs with various discovery requests (the "Discovery Requests").  (ECF No. 51 at PAGEID # 384.)  On January 4, 2024, the parties agreed to an extension of time, until January 24, 2024, for Plaintiffs to respond to the Discovery Requests.  (*See* ECF No. 51-1 at PAGEID # 396.)  On the morning of January 25, 2024, having not received Plaintiffs' responses, PHH's counsel emailed Plaintiffs' counsel to advise that "Plaintiffs' responses to the Discovery Requests are now past due" and "the responses to the [Requests for Admission] have been deemed admitted."  (ECF No. 51-2 at PAGEID # 398.)  Later that morning, at 11:45 a.m., Plaintiffs responded to the Discovery Requests, including to the Requests for Admission.  (ECF No. 51-3 at PAGEID # 402.)  Plaintiffs' counsel attempted to contact PHH's counsel "seeking their acknowledgement that the Plaintiffs did not in fact admit to Defendant's [Requests for Admission]," but PHH's

counsel did not respond. (ECF No. 45 at PAGEID # 358.) Plaintiffs then promptly filed the subject Motion, seeking judicial leave to serve their discovery responses out of rule. (ECF No. 45.)

In general, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). If, however, the deadline for which the extension is requested has expired, the moving party must establish that their failure to timely act was because of excusable neglect. *Id.* "Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness." *Mosholder v. Lowe's Home Centers, LLC*, No. 5:18-CV-1325, 2020 WL 1171549, at *1 (N.D. Ohio Mar. 11, 2020) (quoting *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 428 (6th Cir. 2006)). The determination of "excusable" neglect, however, is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship*, 507 U.S. 380, 395 (1993). In *Pioneer*, the Supreme Court set out five factors for courts to balance when determining the existence of excusable neglect:

 (1) the danger of prejudice to the nonmoving party,

 (2) the length of the delay and its potential impact on judicial proceedings,

 (3) the reason for the delay,

 (4) whether the delay was within the reasonable control of the moving party, and

 (5) whether the late-filing party acted in good faith.

*Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 266–67 (6th Cir. 2009) (citing *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006)). The "*Pioneer* factors do not carry equal weight; the excuse given for the filing must have the greatest import." *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) (internal quotation marks and citations

omitted). Indeed, "the factor provided by the party as the reason for the delay is by far the most critical to the excusable neglect inquiry." *Chapa-Gonzalez v. Comm'r of Soc. Sec.*, No. 20-10655, 2020 WL 6382718, at *1 (E.D. Mich. Oct. 30, 2020) (citing *Munoz*).[1]

Under the circumstances, the *Pioneer* factors overwhelmingly favor a finding of excusable neglect. As Plaintiffs set forth, the delay in responding arises directly out of the death of a Plaintiff's mother. Plaintiffs initially requested a thirty-day extension of time to respond, but PHH allowed for a fourteen-day extension. Instead of pushing back on this shorter extension, Plaintiffs sought to comply with the new deadline, and ended up being less than twelve hours late. Inexplicably, PHH complains that Plaintiffs' request for a thirty-day extension "[made] no mention of the death of any family member or any basis for the requested extension of time other than travel and the holiday season," as if that would have changed PHH's response. (ECF No. 51 at PAGEID # 384.) Clearly this information would not have swayed PHH, as it still maintains – even now, having learned of the death[2] – that it made a "generous offer" to

---

[1] PHH submits that "the *Pioneer* factors have no bearing on whether Plaintiffs may serve responses to the [Requests for Admission] outside of the time prescribed under [Federal Rule of Civil Procedure] 36." (ECF No. 51.) The Court disagrees, as "[i]t is within the Court's discretion to determine whether a party failed to act because of excusable neglect." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) ("We review a district court's determination of excusable neglect, or lack thereof, under the abuse-of-discretion standard.") (citation omitted); *see also United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) ("[W]e look to the understandable discretion vested in district courts to permit a longer time for a written answer to a request for admissions and to accept the filing of an answer that would otherwise be untimely[.] Hence **the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted**.") (emphasis added; internal quotation marks and citations omitted).

[2] Somewhat shockingly, PHH also implies its disbelief that a Plaintiff's mother has passed away at all, arguing that the subject Motion "does not identify, with any evidentiary support . . . why Plaintiffs were unable to meet the deadline." (ECF No. 51 at PAGEID # 385.) While Plaintiffs did not provide a death certificate, obituary, or any other sworn evidentiary support – as apparently PHH believes they should have – the Court is satisfied that Plaintiffs' counsel has not betrayed their obligations under Rule 11. *King v. Whitmer*, 71 F.4th 511, 521 (6th Cir. 2023), *cert. denied sub nom. Powell v. Whitmer*, No. 23-486, 2024 WL 674733 (U.S. Feb. 20, 2024),

Plaintiffs. (*Id.*) Regardless, the Court finds that the critical third *Pioneer* factor weighs decidedly in Plaintiffs' favor.

The Court also finds that the first and second *Pioneer* factors weigh firmly in Plaintiffs' favor, as the less-than-half-day delay neither prejudices PHH nor impacts the judicial proceedings in any material way. First, PHH argues that "if the Court grants Plaintiffs' Motion, PHH would be prejudiced because [the Requests for Admissions] prove Plaintiffs cannot sue PHH for any violation of RESPA . . . [and] by the additional costs and fees it would be forced to incur." (ECF No. 51 at PAGEID # 393.) But not only does PHH's position ignore the court's "strong preference for adjudicating cases on the merits rather than on a failure to timely file answers to requests for admissions," courts generally do not recognize typical litigation costs and fees to be undue prejudice. *See Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209 (E.D. Mich. 2018) ("There is a strong preference for adjudicating cases on the merits rather than on a failure to timely file answers to requests for admissions.") (citations omitted); *see also Chkrs, LLC v. City of Dublin, Ohio*, No. 2:18-CV-1366, 2019 WL 3975447, at *13 (S.D. Ohio Aug. 22, 2019) ("Defendants' concern is that they will suffer the inherent prejudice of having to defend against Plaintiff's new claims. But this obligation to defend is not the type of undue prejudice typically considered in deciding whether to allow amendment.") (internal quotation marks and citations omitted). As for the second *Pioneer* factor, only PHH's opposition has impacted the judicial proceedings, as the discovery deadline now has passed while the parties and the Court have been forced to turn their attention to the subject dispute. Finally, while the Court finds that

---

and *cert. denied sub nom. Wood v. Whitmer*, No. 23-497, 2024 WL 674735 (U.S. Feb. 20, 2024) (Rule 11 "mandates that attorneys engage in a reasonable prefiling inquiry to ensure that a pleading or motion is well grounded in fact") (internal quotation marks and citations omitted). That said, PHH is free to file a motion for sanctions if it uncovers evidence that Plaintiffs' counsel has committed sanctionable conduct.

Plaintiffs should have notified PHH of the additional delay before January 25, 2024, the Court also finds that Plaintiffs have acted in good faith upon the expiration of the deadline to respond. Accordingly, the Court has no hesitation in finding excusable neglect to permit Plaintiffs to serve their discovery responses out of rule.  The subject Motion, ECF No. 45, is therefore **GRANTED**.

The Court now turns to the other pending Motions.  First, as set forth in the Court's February 12, 2024 Order, ECF No. 53, PHH shall have until **MARCH 14, 2024** to respond to the Motion for Extension of Time of Plaintiffs Blake and Danielle Manns to Extend February 9, 2024 Discovery Cut-Off Date and Continue Case Deadlines, ECF No. 48.  Next, PHH Mortgage Service's Motion to Stay Deadline on Plaintiffs' Motion for Enlargement of Time to File a Motion to Compel, ECF No. 55, is likewise **GRANTED**.  PHH shall also have until **MARCH 14, 2024** to respond to Plaintiffs' Motion for Enlargement of Time to File a Motion to Compel, ECF No. 50.

**IT IS SO ORDERED.**

DATED:  February 22, 2024

/s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**